

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LOREY D. SHAMLEE,

    Plaintiff,

v.    Civil Action No. 2:09cv290

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff Lorey D. Shamlee brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the decision of defendant Michael J. Astrue, Commissioner of the Social Security Administration, to deny plaintiff's claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Local Civil Rule 72 of the Local Rules of this court, this court referred this matter to United States Magistrate Judge Tommy E. Miller by Order dated September 11, 2009. By Order dated September 15, 2009, the Magistrate Judge set a briefing schedule, and the parties thereafter filed cross-motions for summary judgment. On May 28, 2010, the Magistrate Judge filed a Report and Recommendation ("R&R") with respect to those cross-motions, recommending that this court deny plaintiff's motion, grant defendant's motion, affirm the final decision of defendant, and enter judgment in favor of defendant. By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within

fourteen (14) days from the date the R&R was mailed. Plaintiff filed objections to the R&R on June 7, 2010, and defendant filed a response to those objections on June 21, 2010. After examination of the briefs and the record, this court has determined that a hearing on the instant motions is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated herein, this court **OVERRULES** plaintiff's objections, **ADOPTS** the R&R in its entirety, **DENIES** plaintiff's motion for summary judgment, **GRANTS** defendant's motion for summary judgment, **DISMISSES** this case, and **DIRECTS** the Clerk to enter judgment in favor of defendant.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the R&R to which objections, if any, are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is authorized to accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).

As the Magistrate Judge properly noted in the R&R, the scope of judicial review of a decision made by the Commissioner of the Social Security Administration is limited. See R&R at 5–6. Specifically, courts "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard. Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal citations omitted); accord 42 U.S.C.A.

§ 405(g) (2010). Substantial evidence "'consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" Craig, 76 F.3d at 589 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Reviewing courts "do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). Instead, "'[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the . . . ALJ.'" Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). Thus, the issue "is not whether [plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig, 76 F.3d at 589.

## PLAINTIFF'S OBJECTIONS

Plaintiff raises six objections to the R&R. Plaintiff claims that the R&R (1) provides *post hoc* rationalizations for the ALJ's finding that plaintiff could return to her past relevant work, (2) fails to identify the requisite substantial evidence supporting the ALJ's determination that plaintiff retained the same Residual Functional Capacity ("RFC"), (3) fails to give proper weight to the opinion of plaintiff's treating physician, (4) provides *post hoc* rationalizations for the ALJ's credibility determination with respect to plaintiff's subjective complaints, (5) errs in concluding that information submitted by plaintiff's treating physician in connection with plaintiff's request for review by the Appeals Council of the Social Security Administration was not new, material evidence justifying review, and (6) errs in concluding that the ALJ's failure in this case to inquire of the vocational expert ("VE") as to whether the VE's testimony conflicted

3

with the Dictionary of Occupational Titles ("DOT") does not constitute an apparent, unresolved conflict warranting automatic remand.

## ANALYSIS

Plaintiff bases her "*post hoc* rationalization" objections on the United States Court of Appeals for the Fourth Circuit's decision in Island Creek Coal Co. v. Henline, 456 F.3d 421 (4th Cir. 2006). In that case, the Department of Labor's Benefits Review Board (the "Board") had affirmed an ALJ's rejection of the petitioner's statute of limitations defense, but on a ground other than the one relied upon by the ALJ. Id. at 425. Upon review, the Fourth Circuit found the Board's asserted ground for affirming the ALJ's decision to be invalid. Id. at 425–26. The respondents argued that the Fourth Circuit nevertheless did not need to remand the case, because the ALJ's findings had been sufficient to support his original ground for rejecting the statute of limitations defense. Id. at 426. The respondents thus urged the Fourth Circuit simply to affirm the Board's decision on the basis of the ALJ's original ground instead of the (invalid) ground upon which the Board had actually relied in its decision. Id. The Fourth Circuit rejected the respondents' argument, explaining that, under the doctrine of SEC v. Chenery Corp., 318 U.S. 80 (1943), the court's review was limited to the grounds actually invoked by the agency decision being appealed, and the court therefore could not affirm the Board's decision on the basis of another ground not actually relied upon by the Board, even if that ground had been relied upon at a lower level of administrative review. Henline, 456 F.3d at 426. Henline notably does not discuss the propriety of "*post hoc* rationalization" by reviewing courts.

Plaintiff's citation of Henline and Chenery is inapposite, both in terms of procedural posture and in terms of substance. In this case, the R&R did not purport to provide *alternative*

4

grounds to the ones provided by the ALJ for his findings as to plaintiff's ability to return to her past relevant work, her credibility with respect to her subjective complaints, and the appropriate weight to afford the testimony of her treating physician. Instead, the Magistrate Judge explained the applicable legal standards in detail, reviewed the record, and determined that there was, in fact, substantial evidence therein to support each of the ALJ's findings, however curt their formulation might have been. See R&R at 11–12 & 15–19. That is precisely the task prescribed by 42 U.S.C. § 405(g). Accordingly, objections (1), (3), and (4) are without merit.

With regard to objection (2), the R&R reiterates the procedure that the ALJ explicitly outlined and reviews in detail the concrete medical evidence that the ALJ considered in making his finding that plaintiff's RFC was unchanged. See R&R at 13–14. Upon review, this court agrees with the Magistrate Judge's conclusion that the ALJ followed the prescribed procedure in making that finding on the basis of substantial evidence in the record, and therefore finds objection (2) to be without merit.

Turning to objection (5), the Magistrate Judge discussed at length whether the information provided by plaintiff's treating physician in response to a brief questionnaire constituted new material evidence under controlling precedent. See R&R at 19–22. The Magistrate Judge concluded that since all of the information cited or provided by plaintiff's treating physician was available at the time of plaintiff's hearing before the ALJ, it could not have constituted new, material evidence justifying review by the Appeals Council. Upon review, this court agrees with the Magistrate Judge's conclusion in this regard. The handwritten questionnaire answers appear to do nothing more than cite existing medical records and/or diagnoses, and the medical records actually attached to the questionnaire all appear to antedate

plaintiff's hearing date before the ALJ, as well. See R. 314–27.[1] Consequently, objection (5) is also without merit.

Finally, with respect to the alleged conflict between the VE's testimony and the DOT, the Magistrate Judge was unable to find a published Fourth Circuit decision precisely on point, and consequently turned to an unpublished Fourth Circuit decision and a published decision by the United States Court of Appeals for the Third Circuit in analyzing the issue. See R&R at 23 (discussing Boone v. Barnhart, 353 F.3d 203 (3d Cir. 2003) & Fisher v. Barnhart, 181 F. App'x 359 (4th Cir. 2006) (unpublished per curiam opinion)). The Magistrate Judge concluded that the ALJ's failure to inquire specifically of the VE as to whether the VE's testimony conflicted with the DOT did not constitute an apparent, unresolved conflict about which the ALJ was statutorily required to inquire, and thus did not warrant automatic remand. As defendant points out, plaintiff neither claims that any conflict actually exists nor cites any case law supporting her asserted position or opposing the R&R's analysis. Moreover, defendant's response to plaintiff's objections cites numerous decisions by district courts within the Fourth Circuit echoing or explicitly adopting the Third Circuit's approach and rejecting arguments similar to the one advanced by plaintiff here. See Docket No. 21 at 10–11 (collecting cases). Accordingly, upon review of the cited case law, and in the absence of any contrary authority, this court agrees with the Magistrate Judge's analysis, and finds objection (6), like all of plaintiff's other objections to the R&R, to be without merit.

---

[1] As in the R&R, page citations herein are to the administrative record previously filed by defendant under seal.

## CONCLUSION

For the foregoing reasons, plaintiff's objections to the Magistrate Judge's R&R are **OVERRULED**, the findings of fact and conclusions of law contained in the R&R are hereby **ADOPTED** in their entirety, plaintiff's motion for summary judgment is **DENIED**, defendant's motion for summary judgment is **GRANTED**, defendant's final decision denying plaintiff's claim for a period of disability, DIB, and SSI is hereby **AFFIRMED**, and this matter is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in favor of defendant.

The Clerk is also **REQUESTED** to mail copies of this Opinion and Order to counsel of record for the parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 11, 2010

7